IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE M. ROWANN, | : | CIVIL ACTION NO. **4:CV-10-2148** |
| Petitioner | : | (Judge McClure) |
| v. | : | (Magistrate Judge Blewitt) |
| BRIAN V. COLEMAN, | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

**I. Background.**

On October 18, 2010, Petitioner, George M. Rowann, an inmate at SCI-Fayette, LaBelle, Pennsylvania, filed, *pro se*, a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, with attached Exhibits, Ex's. A-J. (Docs. 1 and 2). Petitioner raises two claims. First, Petitioner challenges his September 23, 2010 removal order from the Untied States to Canada issued by Bureau of Immigration and Customs Enforcement ("ICE") at Allenwood, Pennsylvania. Second, Petitioner challenges an October 9, 2009 misconduct report #B152996 issued against him during his confinement at SCI-Smithfield, and his October 21, 2009 disciplinary conviction and sanctions. Petitioner filed a motion to proceed *in forma pauperis*. (Doc. 3). Petitioner names as sole Respondent, Brian V. Coleman, Superintendent at SCI-Fayette.

We have not yet directed Respondent to respond to the Habeas Petition. We now give preliminary consideration to the Habeas Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts.[1], 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241

---

[1]Rule 4 provides in relevant part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the

petitions under Rule 1 (b)). *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); *Pacitti v. Lindsay*, 2006 WL 1274997 *1 (M.D. Pa.); *Shafer v. BICE*, Civil No. 07-0264, M.D. Pa., Memorandum (4-24-07)(J. Munley), slip op. pp. 2-3, 2007 WL 1217692, * 1 (M.D. Pa. 2007); *Nuculovic v. Chertoff*, 2007 WL 1650613, *1 (M.D. Pa. 2007).

As discussed below, we find that this Court lacks subject matter jurisdiction over Petitioner's first claim in his habeas petition challenging his final removal order. We also find that Petitioner's second habeas claim, challenging his October 9, 2009 misconduct report #B152996 issued against him during his confinement at SCI-Smithfield and his October 21, 2009 disciplinary conviction and sanction of 180 days of disciplinary confinement, fails to state a cognizable habeas claim.

**II. Claims of Habeas Petition**.

As stated, with respect to his first claim, Petitioner seemingly seeks to challenge ICE's September 23, 2009 final Removal Order finding him subject to removal from the United States to Canada due to his conviction in state court for an aggravated felony as defined in §101(a)(43)(G) of the Immigration and Nationality Act ("INA"). The final Removal Order was issued by ICE Assistant Field Office Director at Allenwood, Pennsylvania. (Doc. 2, Ex. A). Petitioner appears to challenge his underlying state court conviction and sentence which was the basis for his Removal Order, and he claims that he is "serving an illegal [state court] sentence" of 40 to 80 years imprisonment imposed by the Erie County Court of Common Pleas, Erie, Pennsylvania.

As his second habeas claim, Petitioner challenges an October 9, 2009 misconduct report #B152996 issued against him during his confinement at SCI-Smithfield, and his October 21, 2009

---

judge shall make an order for its summary dismissal and cause the petitioner to be notified."

2

disciplinary conviction and sanction. Petitioner states that as a result of his disciplinary conviction he was sanctioned to 280 days in disciplinary confinement in the Restricted Housing Unit ("RHU").[2] Petitioner states that after he was released from the RHU at SCI-Smithfield, he was transferred on September 7, 2010 to SCI-Fayette, where he was confined again for 30 days in the RHU, for no reason, *i.e.*, until October 7, 2010. (Doc. 1, p. 5). Petitioner states that he exhausted his DOC administrative remedies with respect to his misconduct conviction and sentence, and he submit his Ex. I, Doc. 2, to show exhaustion.[3]

As relief in his habeas petition, Petitioner requests this Court to remove him from the United States to Canada despite the fact that he is still serving his underlying state court sentence.

**III. Discussion.**

In the above-referenced § 2241 habeas case, Petitioner seems to indicate that ICE has filed a detainer on him, as a result of the final Removal Order ICE issued against him at Allenwood on September 23, 2009, while he serves his state court sentence of 40 to 80 years in prison. Petitioner states that his removal proceedings are final and that he is not contesting the fact that he is subject to removal. Rather, he is contesting the underlying state court conviction and sentence, which was the basis for his Removal Order, and he requests this Court to order his immediate removal from the United States to Canada, despite the fact that he is still serving his state court

---

[2] Petitioner's Ex. I, Doc. 2, indicates that Petitioner was sanctioned to 180 days in disciplinary confinement.

[3] Petitioner 's Ex. I, Doc. 2, shows that his October 21, 2009 disciplinary conviction and sanction on misconduct report #B152996 was sustained and Petitioner's appeal was denied on October 29, 2009.

3

sentence. Petitioner claims that he is "serving an illegal sentence."[4] (Doc. 1, p. 4).

To the extent Petitioner is challenging his final removal order with respect to his underlying Erie County state court conviction and sentence which was found by ICE to make him removable, and to the extent that Petitioner seeks his immediate removal from the Untied States despite his state court sentence which he is still serving, we find that under the Real ID Act, this Court lacks jurisdiction in a §2241 habeas petition to review Petitioner's challenge to his underlying state court sentence which was the basis for his removal order. *See Jordan v. Ashcroft*, 424 F.3d 320, 326-327 (3d Cir. 2005).

Petitioner's first habeas claim challenging his removal order with respect to the basis for ICE's decision that he should be removed, *i.e.* his Erie County state court conviction and sentence, and his claim that he is serving an "illegal sentence," is not a claim over which this Court has jurisdiction in a § 2241 habeas petition. Nor can this Court grant the relief Petitioner requests, *i.e.* to enter an Order for his immediate removal from the United States.

---

[4]Insofar as Petitioner is seeking to challenge his Erie County conviction and sentence, and he claims that he is "serving an illegal sentence," he must file a habeas petition under §2254 in the U.S. District Court of the W.D. Pa. after he exhausts his state court remedies. *See Peterson v. Shannon*, 2008 WL 5225819, *3 (M.D. Pa. 12-12-08)("As a general rule, a state prisoner must exhaust his available state court remedies before seeking habeas relief in federal court.")(citation omitted).

Also, Petitioner states that he has been "seeking relief for nearly twenty (20) years, too (sic) correct [his state court sentence imposed] in ... Erie, Pennsylvania." (Doc. 1, p. 4). We note that Petitioner's one-year statute of limitations under the AEDPA to challenge his Erie County conviction and sentence in a §2254 habeas petition may have expired. *See Reid v. Beard*, 2009 WL 2876206 (E.D. Pa. 9-2-09).

In order for this Court to grant the relief Petitioner requests, it would have to find that Petitioner's state court sentence of 40 to 80 years in prison was illegal, which in turn would directly affect the basis for ICE's decision finding Petitioner removable. Basically, Petitioner seeks, in part, this Court to review his claim challenging his final Removal Order with respect to the underlying state court conviction and sentence which was found by ICE to subject him to removal from the United States. Thus, Petitioner is seeking release from confinement based on an alleged "illegal sentence" imposed by the state court seemingly about 20 years ago. Petitioner seems to claim that he should be immediately removed from the United States because his underlying state court sentence was illegal.

In *Portes-Ortiz v. Mukasey*, 2008 WL 2973016, *1 (M.D. Pa.), the Court stated:

> The REAL ID Act, Pub.L. No. 109-13, 119 Stat. 231, provides that the exclusive remedy for challenging an order of removal is a petition for review filed with "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2); *see also id*. § 1252(a) (5); *Jordon v. Attorney Gen.,* 424 F.3d 320, 326 (3d Cir.2005). Moreover, "the [habeas corpus] process is no longer available to any alien, criminal or otherwise, seeking to challenge his or her removal." *Kolkevich v. Attorney Gen.,* 501 F.3d 323, 329 (3d Cir.2007).
>
> Portes-Ortiz is not requesting release pending his removal on the basis that his continued detention by ICE violates his constitutional rights under *Zadvydas v. Davis,* 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). Rather, he is challenging his actual removal to the Dominican Republic on the basis that he is entitled to derivative citizenship through his ex-wife and to protection under the Convention Against Torture. Therefore, the petition will be construed as a petition for review of the removal order of the immigration judge. Because this court lacks subject matter jurisdiction to entertain the petition for review or to transfer it to the appropriate court of appeals, *see Monteiro v. Attorney Gen.,* 261 Fed Appx. 368, 369 (3d Cir.2008), the petition will be dismissed.

Thus, under the Real ID Act, any challenge Petitioner Rowann has with respect to his final removal order, including a challenge to the underlying state court sentence which was the basis of his removability, must be raised in a Petition for Review of his final Removal Order filed with the Third Circuit Court of Appeals. As discussed, the District Court lacks jurisdiction over this issue under the Real ID Act.[5] *See Jordan, supra; Portes-Ortiz, supra*. Therefore, we will recommend that Petitioner's first habeas claim be dismissed.

As his second claim, Petitioner challenges his October 21, 2009 misconduct conviction and disciplinary sentence to confinement in the RHU at SCI-Smithfield.[6] Petitioner's second habeas claim, challenging his October 9, 2009 misconduct report #B152996 issued against him during his confinement at SCI-Smithfield and his October 21, 2009 disciplinary conviction and sanction of "a total of 180 days [of disciplinary confinement] time" (Doc. 2, Ex. I), fails to state a cognizable habeas claim since it is clear that this claim would not afford Petitioner a speedier or immediate release from custody. In fact, Petitioner's own averments and his own exhibits show that the sanction imposed on him as a result of his conviction on the October 9, 2009 misconduct report #B152996 did not result in the forfeiture of good time credits and it did not extend the length of his incarceration.

---

[5] The Real ID Act provides that "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act. . . ." Real ID Act § 106(a)(1) (adding INA § 242(a)(5)) (to be codified at 8 U.S.C. § 1252(a)(5)).

[6] Petitioner's second habeas claim is properly construed as one under § 2254. *See DeVaughn v. Dodrill*, Appeal No. 03-4162 (3d Cir. 8-23-05), slip op. p. 3 (Non-Precedential)("A Prisoner challenging either the validity or execution of his state court sentence must rely on §2254.")(emphasis omitted); *Powell v. Schultz*, 2007 WL 3124723 (M.D. Pa. 8-15-07).

6

Therefore, with respect to Petitioner's second claim, *i.e.* his challenge to his October 21, 2009 disciplinary conviction and sanction to disciplinary confinement imposed during his confinement at SCI-Smithfield, we find that this claim fails to state a cognizable habeas claim since it does not impact the fact or length of Petitioner's incarceration. Thus, Petitioner's second claim fails to state a cognizable habeas claim. *See Dodd v. Smith*, 2005 WL 2234642 (M.D. Pa. 9-14-05)(Court found that inmate's challenge to the sanctions imposed in a disciplinary proceeding which did not result in the forfeiture of good time credits and did not extent the length of inmate's incarceration, was not a proper habeas claim). In fact, Petitioner fails to state that his October 21, 2009 disciplinary conviction and sanction to disciplinary confinement adversely affected the fact or duration of his incarceration.

Thus, we will also recommend that Petitioner's second habeas claim challenging his October 21, 2009 disciplinary conviction and sanction be summarily dismissed.[7]

---

[7]Even if Petitioner's second habeas claim was construed as a Fourteenth Amendment procedural due claim brought in a §1983 civil rights action, "the *Wolff* [v. *McDonnell*, 418 U.S. 539 (1974)] due process protections must be provided only if the challenged disciplinary proceeding resulted in a loss of good time credits." *Dodd v. Smith*, 2005 WL 2234642, *2. Also, Petitioner's second claim challenging his 180 or 280 days disciplinary confinement in the RHU does not implicate a protected liberty interest. See *Arango v. Winstead*, 352 Fed. Appx. 664, 666 (3d Cir. 2009). The *Arango* Court stated:

> Due process applies only where the conditions of confinement impose "atypical and significant hardship [s] on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Placement in administrative segregation for days or months at a time or transfers to more restrictive custody do not implicate a protected liberty interest. *See Torres,* 292 F.3d at 150; *Fraise v. Terhune,* 283 F.3d 506, 522-23 (3d Cir.2002).

**IV. Recommendation.**

Based on the foregoing, it is respectfully recommended that Petitioner Rowann's first claim in his Habeas Petition (Doc. 1), challenging his underlying Erie County state court sentence which was the basis for his Removal Order, be dismissed for lack of subject matter jurisdiction pursuant to the Real ID Act. It is also recommended that Petitioner's second habeas claim, *i.e.* his challenge to his October 21, 2009 disciplinary conviction and sanction to disciplinary confinement at SCI-Smithfield, be dismissed for failure to state a cognizable habeas claim. Further, it is recommended that Petitioner's *in forma pauperis* motion (Doc. 3) be granted solely for the purpose of filing this case.

Finally, it is recommended that this case be summarily dismissed in its entirety and the case be closed.

                                        **s/ Thomas M. Blewitt**
                                        **THOMAS M. BLEWITT**
                                        **United States Magistrate Judge**

**Dated: October 28, 2010**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE M. ROWANN, | : | CIVIL ACTION NO. **4:CV-10-2148** |
| Petitioner | : | (Judge McClure) |
| v. | : | (Magistrate Judge Blewitt) |
| BRIAN V. COLEMAN, | : | |
| Respondent | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Report and Recommendation dated **October 28, 2010.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where

required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: October 28, 2010**